No. 190.—Tutorship of ISABELLA P. HEWITT—Opposition to Tutor's Account.

Prescription does not run against the tutor on a claim which he has against his ward for board and lodging during the tutorship, nor are such items prescribed until the lapse of four years after the tutorship has terminated, that being the period of time allowed by law to the minor after emancipation within which the tutor may be called upon for an account. In like manner, the charges of the minor for services rendered the tutor during the time of the tutorship are not prescribed until four years have elapsed after the tutorship has terminated.

APPEAL from the Parish Court of the parish of Morehouse. *James Bussey*, Parish Judge. *S. G. Parsons*, for tutor, appellant. *Todd & Brigham*, for opponent and appellee.

WYLY, J. Isabella P. Hewitt, wife of William D. Seal, opposes the homologation of the final account of her tutor, Benjamin Murrell, alleging that the items thereof are incorrect, and pleading the prescriptions of one, three, five and ten years in bar thereof. She also sets up that the charge for her board, lodging and clothing claimed by her tutor is unjust and excessive, and avers that her labor and services during the period she was supported by him were worth more than the value thereof. She also opposes the credit of $420 allowed as her share of the proceeds of the land sold on the application of said tutor,

on the ground that the sale thereof, without her consent, was illegal, the order of sale and the sale under the tutorship having been effected after her emancipation by marriage and the termination of the tutorship. She also avers that suit has been instituted and is pending for the recovery of said land.

The court, sustaining the plea of prescription, gave judgment for the opponent, rejecting the items debited in the account and reserving the rights of both parties in reference to the land sold under the tutorship, and the rights of the opponent, suggested in her supplemental petition, in regard to the succession of her grandmother, Mrs. Murrell.

From this judgment the tutor has appealed.

The correctness of the items charged is not disputed, except the claim set up by the tutor for board, lodging and clothing of the opponent during minority, a period of nearly twelve years. This is averred to be unjust and excessive, because her services and work for the tutor during that period are claimed to be adequate remuneration therefor.

In bar of each item of the account, however, the prescriptions of one, three, five and ten years are opposed. This account was rendered within four years after the termination of the tutorship by the emancipation by marriage of the minor.

Undoubtedly the opponent had the right to call for an account of the tutorship at the time this account was voluntarily offered ; and if the claims of the minor against the tutor are not prescribed, we do not see why the claims of the tutor against her should be prescribed. It is a fair and lawful adjustment of accounts between the minor and his tutor that the law contemplates may be demanded by the minor within four years after arriving at the age of majority. It is not for the purpose of ascertaining and enforcing the claims of the minor against his tutor and rejecting the claims of the tutor against the minor on account of prescription. In the settlement of account between these parties we think the prescriptions urged are inapplicable. The tutor is a legal mandatory and he may claim any credit arising in his behalf in the performance of that duty at any time he may be liable to be called to account to the court which appointed him.

That he is to be required to institute proceedings or to cause to be issued citation to arrest prescription during the tutorship, is unreasonable, and it is equally unreasonable that he should do so during the period of four years after majority, within which time the law expressly gives the minor the right to call for an account. Within four years the tutor can be held to account for his performance of duty during the tutorship, and that duty was as much to protect and sup-

port the minor as to pay the debts of the tutorship and to preserve and account for the property. We think the account for board, lodging and clothing, as well as the account for moneys advanced in behalf of the tutorship, is not prescribed. 12 R. 155; 4 An. 368.

It remains for us to ascertain the value of the board, lodging and clothing claimed by the tutor for the period of nearly twelve years. On this point the evidence is conflicting. Some of the witnesses regard the services of the minor during this period to be worth more than her board, lodging and clothing; they mainly agree that the value of this account is $200 per annum, exclusive of the services rendered by the minor. When the tutorship was opened the minor was only seven or eight years old. The tutor was her grandfather, who had servants about the house, and it is shown that the minor was supported and dressed in about as good style as other children of the neighborhood; and that she did render valuable assistance in the family of the tutor, where she lived. We think during the first five years she was not able and did not render valuable services, owing to her extreme youth; after that and till the end of the tutorship her services were worth the value of her board, lodging and clothing. This we believe, from the evidence, to be an equitable adjustment of this item charged in the account. The claim, therefore, for board, lodging and clothing should be reduced to $1000, being $200 per annum for five years.

The other items for cash advanced for the benefit of the tutorship seem to be correct.

It is conceded that the tutor has had no funds of the tutorship, the property thereof being only a small tract of unproductive land. As the opponent repudiates the sale thereof and has instituted proceedings to annul it, we think the credit of $420 was properly disallowed and that the court did not err in reserving the rights of both parties in relation to it; also that the court did not err in reserving the rights of the opponent in the community property of her grandmother, Mrs. Murrell, which does not properly appertain to the settlement of this tutorship.

It is therefore ordered that the item for board, lodging and clothing of the minor be reduced to $1000 and allowed; that all the other items, of the account, except the credit of $420, be allowed; and as thus amended that the account herein be approved and homologated, and the items thereof be the judgment of the court, reserving, however, the rights of both parties in relation to the land which the tutor claims to have sold; and also reserving the rights of the opponent to the community property of Mrs. Murrell.

It is further ordered that appellee pay costs of appeal.

Rehearing refused.